NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BILLY PERRY,<br><br>              Petitioner,<br><br>    v.<br><br>JOHN NASH, et al.,<br><br>              Respondents. | Civil No. 05-3149 (JLL)<br><br>**OPINION** |

**APPEARANCES:**

    BILLY PERRY, #24964-050
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640
    Petitioner Pro Se

**LINARES**, District Judge

Billy Perry, an inmate confined in the Federal Correctional Institution at Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Essex County, on March 30, 2004, based on a guilty plea. Having thoroughly examined Petitioner's grounds for relief and supporting factual assertions, the Court summarily dismisses the Petition without prejudice for failure to exhaust state court remedies and declines to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254.

## I. BACKGROUND

Petitioner challenges a conviction entered on March 30, 2004, in the Superior Court of New Jersey, Law Division, Essex County, after he pled guilty to possession of a controlled dangerous substance with intent to distribute within 1000 feet of a school, unlawful possession of a weapon, and possession of police scanner. The trial judge imposed a four-year sentence, with a two-year mandatory minimum. Petitioner asserts that he did not appeal from the judgment of conviction. He further asserts that he has no petition or appeal, other than this action, pending in any court as to the judgment under attack.

The Petition raises two grounds, which are quoted below:

> Ground One: Conviction obtained by use of evidence gained pursuant to an unconstitutional search & seizure.
>
> Supporting FACTS: On March 23, 2002 officers of the Newark Police Dept. answered a call of possible drug activity on Vermont Ave. Newark. Instead of responding to Vermont Ave. Nwk., they proceeded to 821 S. Orange Ave. East Orange, N.J. without the aid of East Orange Police or County Sheriff, a jurisdictional violation of authority and conducted a warrantless search of my person and my sisters car and seized a small amount of drugs and a weapon.
>
> Ground Two: Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
>
> Supporting FACTS: Upon finding these items they placed me under arrest without first obtaining a warrant for the search of the vehicle, or an arrest warrant for my person a clear violation of my civil liberties and their authority - these officers have been arrested themselves for corruption.

(Compl. ¶ 12.A., 12.B.)

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.

## III. DISCUSSION

A. Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted State court remedies for all grounds presented in the petition, or such process is unavailable or ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Specifically, § 2254 provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

3

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).

Moreover, § 2254 provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to all levels of the state court system, including an application for discretionary review by the State's highest court. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose v. Lundy, 455 U.S. 509, 515 (1982); United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. A petitioner in the custody of the State of New Jersey exhausts his federal claims by fairly presenting them to the Law Division of the Superior Court, the Appellate Division of the Superior Court, and in a petition for certification filed in the New Jersey Supreme Court. Toulson, 987 F.2d at 987-89.

The habeas petitioner carries the burden of proving total exhaustion. Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987. "Thus, . . . if the petitioner fails to satisfy the exhaustion

4

requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner." Lambert, 134 F.3d at 513-14.

In this case, the face of the Petition shows that Petitioner did not present his claims to either the Appellate Division of the Superior Court of New Jersey or to the New Jersey Supreme Court. Thus, Petitioner has not exhausted his claims before all three levels of the New Jersey courts. Unless exhaustion is excused or the Petition does not raise even a colorable federal claim, § 2254 imposes a duty on this Court to dismiss the Petition without prejudice as unexhausted. Lambert at 515; 28 U.S.C. § 2254(b)(1).

B. Circumstances Excusing Exhaustion

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i);; see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted. "Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted." Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).[1]  "If a claim has not

---

[1] While it excuses exhaustion, the doctrine of procedural default is a double-edged sword. When a petitioner's failure to comply with a State procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Reliance by the last state court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v.
(continued...)

5

been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether State court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims. Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207. Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.

In this case, no New Jersey court has determined that Petitioner is procedurally barred from raising his claims. This Court holds that further collateral review of Petitioner's claims is not "clearly foreclosed." Petitioner's failure to exhaust his claims is not excused under § 2254(b)(1)(B)(i). See Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'" Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138. Petitioner's failure to exhaust is not

---

[1](...continued)
Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

excused under this provision, however, because New Jersey's appellate review procedures are not adequate to adjudicate his claims.

C. Colorable Federal Claim

Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). The Third Circuit determined that § 2254(b)(2) codifies the holding in Granberry v. Greer, 481 U.S. 129 (1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies." Lambert, 134 F.3d at 514.

In Granberry, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of appeals may examine the exhaustion issue under the following circumstances:

> The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim . . . . [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition [on the merits], and the court of appeals affirms the judgment of the district court forthwith.

Granberry, 481 U.S. at 134-135.

Thus, a district court may deny an unexhausted petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim." Lambert, 134 F.3d at 515 (quoting Granberry, 481 U.S. at 135). Under this standard, "if a

7

question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies." Lambert, 134 F.3d at 515.

In this case, Petitioner asserts that his conviction was obtained by use of evidence gained in an unconstitutional search and seizure. This presents a colorable federal claim. See Stone v. Powell, 428 U.S. 465, 494 n.37 (1976)[2] (prisoner may challenge a state conviction under the Exclusionary Rule of the Fourth Amendment in a § 2254 proceeding upon a showing that he was denied an opportunity for a full and fair litigation of the claim at trial and on direct review); but see Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims . . . that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea"). Because it is not perfectly clear that the Petition does not raise a colorable federal claim, the Court may not reach and dismiss the Petition on the merits pursuant to § 2254(b)(2). Lambert, 134 F.3d at 515.

Because Petitioner has not exhausted any federal grounds, because New Jersey's appellate processes are neither unavailable nor inadequate to protect his federal rights, and because the

---

[2] "In sum, we hold only that a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review. Our decision does not mean that the federal court lacks jurisdiction over such a claim, but only that the application of the rule is limited to cases in which there has been both such a showing and a Fourth Amendment violation." Stone, 428 U.S. at 494 n.37.

8

Petition raises at least one colorable federal claim, the Court is constrained to dismiss the Petition without prejudice for failure to exhaust state court remedies. See 28 U.S.C. § 2254(b) and (c).[3]

D. Certificate of Appealability

Because jurists of reason would not find the Court's dismissal of the Petition for non-exhaustion debatable or incorrect, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Walker v. Government of Virgin Islands, 230 F.3d 82, 89 (3d Cir. 2000); Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### IV. CONCLUSION

The Court dismisses the Petition without prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

_____
JOSE L. LINARES, U.S.D.J.

DATED: _____8/8/_____, 2005

---

[3] If Petitioner wants this Court to consider his federal grounds, he will have to present them to all three levels of the New Jersey courts. After doing so and subject to the one year statute of limitations under 28 U.S.C. § 2244(d), he may present them to this Court in a § 2254 petition.